UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIUS DUNN, | No. 2:18-cv-0032-EFB P |
| Plaintiff, | |
| v. | ORDER |
| BOFFMAN, | |
| Defendant. | |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed an application to proceed in forma pauperis (ECF No. 2).

## Application to Proceed In Forma Pauperis

Plaintiff's application and separately filed trust fund account statement (ECF No. 5), together, make the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening

I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The screening obligation applies where a complaint is removed from state court. *See, e.g.*, *Morris v.*

1

*Horel*, 2008 U.S. Dist. LEXIS 56938, 2008 WL 686874, *1 (N.D. Cal., March 12, 2008) (screening civil rights action removed from state court pursuant to Section 1915A). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless." *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (citation and internal quotations omitted), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *Id.*

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (citations omitted). "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

II. Analysis

Plaintiff brings this action against only one defendant – Warden Boffman of Folsom State Prison ("Folsom"). He alleges that, on or about March of 1985, he signed a good time waiver agreement pursuant to Cal. Code Regs. tit 15, § 3043(a)(1).[1] Plaintiff appears to allege that this agreement has been violated in some way, though he does not specify how. Regardless, three issues convince the court that plaintiff has failed to state a viable section 1983 claim.

First, plaintiff's requested relief is "to be released as soon as possible." ECF No. 1 at 6.[2] It is unclear whether plaintiff is arguing that success in this action would entitle him to immediate release. To the extent he makes such an argument, his claim should be brought in a habeas action. *See Nettles v. Grounds*, 830 F.3d 922, 927-931 (9th Cir. 2016) (claims which would result in immediate release if successful fall within core of habeas corpus; claims which would not necessarily affect the length of time to be served if successful fall outside core of habeas corpus and must be brought, if at all, under § 1983).

Second, although plaintiff classifies his claim as a due process violation, it appears to be nothing more than a breach of contract claim arising under state law. He argues, for instance, that his good time waiver agreement (which arises under state law) is a "contract agreement [that] is irrevocable." ECF No. 1 at 3. Absent any claims which actually arise under the Constitution or federal law, it appears that this action would be more appropriately raised in state court. *See, e.g.,*

---

[1] This provision provides, *inter alia*, that inmates who participate in approved rehabilitative programs are eligible to earn credits which: (1) advance an inmate's release date if he is sentenced to a determinate term or; (2) advance an inmate's initial parole hearing date if he is sentenced to an indeterminate term with the possibility of parole.

[2] He also requests monetary damages for false imprisonment, mental anguish, and "loss of business revenue." ECF No. 1 at 6.

3

1 | *Garafolo v. Walker*, No. C 03-4941 MMC (PR), 2004 U.S. Dist. LEXIS 6667, *4 (N.D. Cal., April 13, 2004) ("[A] breach of contract is not a violation of the Constitution or any other federal law, as is required to state a claim under § 1983. . . . Breach of contract is a matter of state law and may be raised in state court.") (internal citations omitted).

Third, it is entirely unclear from the complaint how Warden Boffman was personally involved in any violation of plaintiff's rights. Plaintiff lists Boffman in the caption of his complaint, but makes no specific allegations against him. This action cannot proceed without allegations that actually put defendant on notice of the claims against him. *See* Fed. R. Civ. P. 8(a); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991) ("All that is required are sufficient allegations to put defendants fairly on notice of the claims against them.").

Based on the foregoing, plaintiff's complaint is dismissed with leave to amend.

## Leave to Amend

Plaintiff may choose to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

4. Failure to comply with this order may result in dismissal of this action.

DATED: February 4, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE